<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD H. GLANTON,<br><br>Plaintiff,<br><br>v.<br><br>MASTER CRAFTSMAN ASSOCIATES and<br>ANTRA INVESTMENT CORPORATION<br><br>Defendants. | Civil Action No. 11-5202 (PGS)<br><br><br>**MEMORANDUM & ORDER** |

<u>**SHERIDAN, U.S.D.J.**</u>

This matter comes before the Court by defendant's, Antra Investment Corporation, motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's, Richard H. Glanton, complaint alleges (1) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*., (2) gross negligence, and (3) wrongful foreclosure and breach of contract.  Plaintiff is seeking actual damages, and injunctive relief against the state foreclosure action in the Philadelphia County Court of Common Pleas.  For the following reasons, Antra's motion to dismiss is granted, and plaintiff's claims are dismissed with prejudice.

  I.   <u>Factual Background</u>

This matter arises out of a 2005 foreclosure action involving a property located in Philadelphia, P.A.  The state court in Pennsylvania held that the plaintiff, Richard H. Glanton ("Glanton"), was in default of his Note and Mortgage obligation, foreclosed the property, and it was subsequently sold at a sheriff's sale in September 2011.  According to the state court

judgment, Glanton, a lawyer, had not made a mortgage payment since November 1992. Therefore, Glanton was living in this Philadelphia property for nineteen years without paying the mortgage. Five days prior to the sheriff's sale, Glanton filed this action, and is essentially seeking to collaterally attack the state court foreclosure judgment in this Court.

Glanton purchased a condominium in Philadelphia, P.A. on December 31, 1986. Compl. ¶ 8. To purchase the property, Glanton borrowed $79,786.00 from defendant, Master Craftsman & Associates ("Master"). *Id.* Glanton signed a promissory note ("Note") in the principal amount of $79,786.00 with interest at an adjustable rate in accordance with the terms of the Note and executed a mortgage with Master. *Id.* at ¶ 10. The Note further required Glanton to make monthly payments to Master c/o Atlantic Financial Federal ("Atlantic"). *Id.* at ¶ 12. On April 3, 2004, Master assigned its right, title and interest in and to the Note and the mortgage to defendant, Antra Investment Corporation ("Antra"). *Id.* at ¶ 11. Glanton asserts that he regularly made his mortgage payments to Master c/o Atlantic, as required by the Note, for several years until Atlantic informed him that he would be instructed, at a later time, to send his monthly payments to Atlantic's successor. *Id.* at ¶ 14. By way of a hand written letter dated April 15, 1992 to Altantic, Glanton requested instructions for mailing his mortgage payments to the successor. *Id.* at ¶ 15; *see also* Pl. Ex. A. Glanton alleges that he made multiple inquires, by mail and phone, to Atlantic, Master, and Resolution Trust Corporation in effort to learn who was servicing his mortgage and where to send the mortgage payments. Compl. ¶ 16. However, Glanton alleges that he did not receive any correspondence from these companies and never received information on where to mail his monthly mortgage payments. *Id.* at ¶ 17.

2

On January 31, 2005, Antra, as successor-in-interest to Master, filed a foreclosure complaint in Philadelphia County Court of Common Pleas against Glanton alleging that he was in default of the Note and Mortgage agreement. *Id.* at ¶ 18.  On March 11, 2005, Glanton answered the foreclosure complaint. *Id.* at ¶ 19.  In the answer, Glanton asserted nineteen affirmative defenses including the defense of waiver for Antra's failure to notify plaintiff of their claim until eighteen years later. *See* Def. Ex. C.  Following a non-jury trial, the Philadelphia County Court rendered its decision on April 27, 2011, which found that "[t]his case has had a long history, including motions to compel discovery, various motions for sanctions and a change of counsel for defendant [Glanton]." Def. Ex. D.  The Philadelphia County Court also deemed admitted that Glanton had not made any payments on the Note or Mortgage since November 22, 1991 and is in default of his obligation of payment since that date. *Id.* at ¶¶ 9-11.  As a result of the default, the Philadelphia County Court held that Glanton is indebted to Antra in the principal amount of $72,483.55 plus interest, late charges, costs of suit and attorney's fees. *Id.* at ¶ 12. The County Court found that Glanton did not provide any credible evidence to refute Antra's allegations in the foreclosure complaint nor did he provide any evidence that justified nonpayment of the mortgage. *Id.* at ¶¶ 13-15.  On May 10, 2011, the County Court entered a judgment against Glanton in favor of Antra for $206,523.13.  *See* Def. Ex. B.  On June 2, 2011, the County Court issued a writ of execution and the property was sold at a sheriff's sale scheduled on September 13, 2011. *Id.*

II.      Motion To Dismiss Standard

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences

that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See, e.g.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp*., 223 F.3d 165, 173 (3d Cir. 2000), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S.Ct. 1091 (2001). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1949; *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir.1997). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir.1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). The Supreme Court has recently held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); *see also Iqbal*, 129 S. Ct. at 1949-50.

4

### III.   Discussion

#### A.   Arguments

Glanton alleges that Antra violated the Cranston-Gonzales Amendment to the Real Estate Settlement Procedures Act ("RESPA") under 12 U.S.C. § 2605 by failing to respond to his letter dated August 15, 1992 as well as other correspondences inquiring where to send his mortgage payments.  Specifically, Glanton alleges that Antra is in violation of:

> § 2605(e)(1)(A) by failing to acknowledge Glanton's letters, which were qualified written requests, within twenty business days;
>
> § 2605(e)(2)(A) and (B) by failing to take any actions, including corrective action, in response to Glanton's written and telephonic requests;
>
> § 2605(e)(2)(c) by reporting Glanton as delinquent to a credit bureau or bureaus within 60 days from receiving numerous letters which disputed the amount owed.  Compl. ¶¶ 26-28.

Antra contends that the RESPA claims are time barred because they were filed long after the expiration of the applicable statute of limitations.  Additionally, Antra argues that as to the RESPA claims, Glanton fails to state a claim upon which relief may be granted.  Antra argues that Glanton does not specifically allege in the complaint that Antra was involved in any of the acts that form the basis of the RESPA claims as there only allegations against Atlantic, Master, and Resolution Trust Corporation.  In particular, Antra argues that they did not receive a "qualified written request" nor any written or telephonic requests, and therefore Antra was not obligated to take any actions under RESPA.

Antra also argues that Glanton's claims are barred by res judicata because all of the claims alleged here were raised and litigated in the Philadelphia County Court foreclosure action,

which resulted in a judgment and sheriff's sale of the subject property.  Additionally, Antra argues that the Rooker-Feldman doctrine applies to bar Glanton from seeking redress in this court after losing in state court.

In response, Glanton concedes that the statute of limitations has expired on his RESPA claims, but equitable tolling applies to preclude dismissal.  Glanton specifically argues that the defendants actively misled him about the identity of the holder of the Note and Mortgage by absence of communication, which constitutes fraudulent concealment and justifies equitable tolling.  Glanton also contends that res judicata does not bar his claims because the state court refused to permit a trial on the RESPA claims raised in a pretrial motion.  Nonetheless, Glanton argues that the federal court is the proper forum to adjudicate his claims.

B.      Real Estate Settlement Procedures Act ("RESPA")

The statute of limitations for a RESPA claim is expressly defined by statute at 12 U.S.C. § 2614.  The statute provides that any action brought pursuant to Section 6 of RESPA (12 U.S.C. § 2605) "may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within three years in the case of a violation of section 6."  12 U.S.C. § 2614.  Glanton acknowledges that the statute of limitations has expired for his RESPA claims, but argues that he is entitled to equitable tolling.  Equitable tolling applies "in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but

has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000) (citations omitted).

Glanton argues that the first scenario applies in this matter because Antra fraudulently concealed its identity as holder of the Note and Mortgage.  Accepting as true all of Glanton's allegations that he did not receive any notice from the defendants from 1992 to 2005, then Glanton was given the benefit of equitable tolling during this period.  However, when Antra filed the foreclosure complaint in January 2005, Antra's identity was no longer concealed and Glanton could have filed his RESPA claims within three years until January 2008, but failed to do so.[1] Glanton does not have the benefit of equitable tolling once there was no longer an issue of alleged fraudulent concealment since the statute of limitations is only tolled "until the facts which would support the plaintiff's cause of action are apparent, or should be apparent to a person with a reasonably prudent regard for his or her rights."  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1389 (3d Cir. 1994).  Therefore, Glanton's RESPA claims are barred by the statute of limitations as to both Antra and Master.

C.    Res Judicata

The Court will determine whether Glanton's claims for gross negligence and wrongful foreclosure/breach of contract are barred by claim preclusion under the doctrine of res judicata because they were raised or could have been raised in the state court foreclosure action.

---

[1]  The Court also notes that Glanton's complaint does not conform to Fed. R. Civ. P. 9(b), which requires plaintiffs who are "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  Glanton concedes that the complaint fails to allege fraud with particularity and seeks leave to amend the complaint.  However, the Court finds that it would be futile to amend, because the statute of limitations still bars his claims once the identity of Antra was apparent by the filing of the foreclosure action.

The Full Faith and Credit Statute under 28 U.S.C. § 1738 requires a federal court to give preclusive effect to a state court judgment as that judgment would be given in the court of the state where the judgment was entered.  *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982).  Thus, a court must look to the law of the state adjudicating the prior action.  *Id.*  Here, the judgment was entered in a foreclosure action in a Pennsylvania state court, and therefore this Court will apply Pennsylvania's preclusion law.  *Id.*

The Pennsylvania Supreme Court has described res judicata, or claim preclusion, as:

> [A] doctrine by which former adjudication bars a later action on all or part of the claim which was the subject of the first action.  Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action.  Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceedings if they were part of the same cause of action.  *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995).

In Pennsylvania, claim preclusion applies when the two actions share the following four elements: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued."  *R & J Holding Co. v. Redevelopment Auth. of Cnty. of Montgomery*, 670 F.3d 420, 427 (3d Cir. 2011) (citing *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (Pa. 1974)).  As to the same cause of action, "the mere advancement of a different legal theory does not necessarily give rise to a different cause of action."  *Turner v. Crawford Square Apts. III, L.P.*, 449 F.3d 542, 549 (3d Cir. 2006) (citations omitted).  Additionally, to determine whether there is the same cause of action, courts have

looked to various factors such as "the identity of the acts complained of, the demand for recovery, the identity of witnesses, documents, and facts alleged." *Id.* (citations omitted).

As a preliminary matter, there was a final, valid judgment on the merits entered in the Pennsylvania County Court against Glanton. *Bearoff*, 327 A.2d at 75 ("the general rule for . . . res judicata to apply is that a final and valid judgment must have been entered")(internal citations omitted). As to the first element under a res judicata analysis, Glanton sought the same relief in the prior action as he is seeking here, which is monetary damages and enjoining the foreclosure action. With respect to the second element, Glanton's answer and counterclaim in the state foreclosure action stated that "plaintiff's [Antra's] failure to provide notice of the assignment prior to the assignment is a material breach of the contract which bars Plaintiff's claim." Def. Ex. C, ¶ 14. "Plaintiff's assignor's [Master] failure to notify Defendant [Glanton] of its claim for in excess of eighteen (18) years bars Plaintiff's claims under the defense of waiver." *Id.* at ¶ 18. In the present action, Glanton argues under the gross negligence count that "Master breached its duties to plaintiff in that Master failed to provide notice to plaintiff of the status of the Note and Mortgage or the transfer of servicing at any time to plaintiff from 1987 until Antra filed its complaint in foreclosure." Compl. ¶ 36. The complaint further provides that "Antra breached its duties to plaintiff as Antra had acquired the Note and Mortgage in 2004 and failed to notify plaintiff that it assumed ownership and was responsible for servicing the Note and Mortgage." *Id.* at ¶ 37. Glanton's wrongful foreclosure/breach of contract count is also based on defendant's alleged failure to provide proper notice of where to send the monthly mortgage payments. In both actions, Glanton's primary argument is that defendants alleged failure to provide notice renders the foreclosure improper and Glanton has suffered damages as a result. Both actions

involve the foreclosure of a Philadelphia property and revolve around the terms of a Note and Mortgage in favor of Master and later assigned to Antra. Accordingly, Glanton has raised identical causes of action in the state foreclosure action and in the present matter.  Finally, the same parties appeared in both actions, aside from Master who can be considered to be in privity with Antra as its successor in interest, and the parties are adverse to each other in both actions. *See* Restatement (Second) of Judgments § 55(1).

Res judicata applies here to bar Glanton's remaining claims for gross negligence and wrongful foreclosure/breach of contract since these claims were already raised and adjudicated in the state foreclosure action.  The foreclosure action was extensively litigated for six years before the state court entered a valid final judgment against Glanton.   The state court found that [t]his case has had a long history" and after analyzing the merits of Glanton's claims held that he "has alluded to various excuses or justification for nonpayment, his reasons provide no legal justifications for evading a lawful obligation which he has voluntarily assumed." Def. Ex. D, Intro., ¶ 15.  Accordingly, this Court will give full faith and credit to the judgment entered against Glanton by the Philadelphia County Court of Common Pleas.

IV.    Venue

Venue in New Jersey is improper for this matter based on 28 U.S.C. § 1391.  By statute, the district in which a civil action may be brought is limited to:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

> defendant is subject to the court's personal jurisdiction with respect
> to such action.  28 U.S.C. § 1391(b).

Here, Glanton has alleged that he is presently a New Jersey resident, Antra is a corporation registered in Delaware, and Master is a limited partnership registered in Pennsylvania.  The property that is the subject of the action is located in Philadelphia, Pennsylvania.  If Glanton adhered to the venue guidelines, proper venue for this action should have been the Eastern District of Pennsylvania as the property that is the subject of the action is located in Philadelphia, Pennsylvania.  Additionally, a RESPA claim also requires a plaintiff to bring the action in the district where the property is located.  12 U.S.C. § 2614.  Although, this matter was filed in the wrong district, the Court has subject matter jurisdiction to decide the merits of this case, and the defendants did not raise a lack of jurisdiction argument.

    V.     <u>Conclusion</u>

For the reasons set forth above, Glanton's RESPA claims are barred by the statute of limitations, and his remaining claims for gross negligence and wrongful foreclosure/breach of contract are barred by claim preclusion under the doctrine of res judicata.  Additionally, Glanton's claims are essentially out of time since the property has been sold at a sheriff's sale so injunctive relief seeking to prevent the foreclosure and sale is moot.  Furthermore, Glanton is seeking an equitable remedy when he has abandoned his obligation to pay under the Note and Mortgage for almost twenty years.  *Phila. Suburban Water Co. v. Penn. Public Util. Comm'n*, 64 A.2d 500, 502 (Pa. Super. 1949) ("one who seeks equity must do equity.").  Accordingly, Antra's motion to dismiss is granted, and Glanton's claims are dismissed with prejudice as to both Antra and Master.

## ORDER

**IT IS** on this  1ˢᵗ day of August, 2012

    **ORDERED** that Defendant's, Antra Investment Corp., motion to dismiss is GRANTED

(ECF No. 4); and it is further

    **ORDERED** that Plaintiff's claims are hereby dismissed with prejudice.


*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.